# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHEEN D. FAIRLY,<br><br>        Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | 1:06 CV 01588 OWW  WMW  HC<br><br>MEMORANDUM OPINION AND ORDER RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 14] |

Petitioner is a federal prisoner proceeding pro se with challenge to his sentence which he has entitled, "Motion to Challenge the Validity of a Prior Conviction Pursuant to 21 U.S.C. § 8512(c)(2), on the Basis of Good Cause." This court docketed Petitioner's motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241. Pending before the court is Respondent's motion to dismiss.

## PROCEDURAL HISTORY

On June 29, 1995, an indictment was filed charging Petitioner with conspiring to possess cocaine base with the intent to distribute (count one), possessing cocaine base with the intent to distribute (count two), and using a firearm in connection with drug trafficking offenses (count three). 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. §§ 2, 924(c)(1). Petitioner was also charged individually with being a felon in possession of a firearm (count four). 18 U.S.C. § 922(g)(1).

1

1   On July 7, 1995, Petitioner was arraigned on the indictment in the presence of his attorney. C.R.
2   8, 9. At that time, the government also orally gave notice and filed a written notice that it
3   intended to seek enhanced penalties based on Petitioner's prior felony drug convictions for
4   possession cocaine for sale and for transporting and distributing a non-narcotic controlled
5   substance, which were also specifically alleged in the felon in possession charge. 21 U.S.C. §§
6   841(b)(1)(A), 851.
7        After a six day jury trial, on June 26, 1996, Petitioner was convicted of each charge. The
8   trial court later sentenced him to life imprisonment, pursuant to 21 U.S.C. § 851. On direct
9   appeal, the Court of Appeals for the Ninth Circuit affirmed the convictions and sentence. United
10  States v. Fairly, C.A. No. 96-10537 (9th Cir., January 8, 1998).
11       On October 15, 1998, Petitioner filed a motion to vacate his sentence pursuant to 28
12  U.S.C. § 2255, asking to have his conviction overturned on the ground of ineffective assistance
13  of counsel. The district court denied the § 2255 motion on December 14, 1998, and denied a
14  certificate of appealability on March 3, 1999. The Ninth Circuit denied a certificate of
15  appealability on January 28, 2000.
16       On March 13, 2001, Petitioner filed a second motion to vacate his sentence under 28
17  U.S.C. § 2255, and a motion for a downward departure. Relying on Apprendi v. New Jersey,
18  530 U.S. 466 (2000),  Petitioner argued that the district court had erred in sentencing him to an
19  enhanced sentence under a preponderance-of-the-evidence standard. The district court rejected
20  the § 2255 motion and denied the motion for a downward departure. Petitioner's request for a
21  certificate of appealability was denied by the district court on December 21, 2001, and by the
22  Ninth Circuit on June 17, 2002.
23       On November 7, 2006, Petitioner filed the present motion in this court, captioning it as a
24  "Motion to Challenge the Validity of a Prior Conviction Pursuant to 21 U.S.C. § 8512(c)(2), on
25  the Basis of Good Cause." In his motion, Petitioner claims that one of his prior felony drug
26  convictions did not constitute a violation of the California drug statute he admitted violating.
27  **DISCUSSION**
28       Respondent moves to dismiss this action for lack of jurisdiction. Respondent contends

that although Petitioner has styled his filing as a motion to challenge his prior felony drug conviction, his motion attacks his underlying conviction. Respondent argues that because Petitioner's motion attacks his underlying conviction rather than implementation of his sentence, it must be construed as a motion to vacate the conviction and sentence under 28 U.S.C. § 2255, rather than a petition pursuant to 28 U.S.C. § 2241.

In addition, Respondent contends that because Petitioner has previously filed two motions to vacate his sentence pursuant to 28 U.S.C. § 2255, this third motion is necessarily a successive motion. Respondent argues that because Petitioner has not provided the required certification for such a successive petition, the petition must be dismissed. Section 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In his petition, Petitioner does not state that he is proceeding pursuant to either § 2241 or § 2255. Instead, he relies simply on 21 U.S.C. § 851(c)(2) as the basis of his motion, and the basis of this court's jurisdiction over it. Section 851 is entitled, "Proceedings to establish prior conviction." Subsection (c)(2) provides as follows:

> A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response. Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge.

This statute does not expressly establish a separate, procedural basis for a post-conviction challenge to a prior conviction. That is, the statute is not properly a basis for a free-standing motion. As Petitioner notes in his traverse, a challenge based <u>on</u> Section 851(c)(2) is well-supported in the case law. However, each of the cases cited by Petitioner had a separate

3

procedural basis.  See United States v. McChristian, 47 F.3d 1449 (9th Cir. 1995)(direct appeal); United States v. Stephens, 35 F.3d 451 (9th Cir. 1994)(direct appeal).

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing court has jurisdiction.  Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In his petition, Petitioner argues that his present petition is not a second or successive petition, discussing the application of the abuse of the writ doctrine.  See Hill v. Alaska, 297 F.3d 895 (9th Cir. 2002).   Respondent does not address this argument, and the court finds that even if this action were  properly construed as a motion pursuant to § 2255,  Respondent has not demonstrated that it is a second or successive petition within the meaning of  § 2255(h).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective);  Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams

1  v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see,
2  United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of
3  § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden
4  is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United
5  States, 315 F.2d 76, 83 (9th Cir. 1963).  In this case, Petitioner contends that he may properly
6  proceed pursuant to the § 2255 savings clause.

7        Respondent argues that to the extent that he relies solely on the prohibition against
8  successive petitions,  Petitioner is not entitled to utilize the § 2255 savings clause.  However,
9  Petitioner does not rely on that prohibition to justify proceeding under § 2241. Rather, Petitioner
10 argues extensively that he has made the necessary showing of actual innocence and the lack of an
11 earlier opportunity to raise his claim so as to demonstrate that § 2255 is inadequate or ineffective
12 in his case.  Respondent, who did not file a reply to Petitioner's opposition, has not addressed
13 that argument.  Accordingly, the court finds that Respondent has not demonstrated that Petitioner
14 may not properly proceed in this action under § 2241.

15       Finally, Respondent contends that this action is barred by the one-year statute of
16 limitations for motions under § 2255.  As set forth above, however, Respondent has not shown
17 that Petitioner may not properly proceed under § 2241.  Accordingly, this contention does not
18 provide a basis for dismissal.

19

20       Based on the foregoing, IT IS HEREBY ORDERED as follows:
21 1)    Respondent's motion to dismiss is DENIED;
22 2)    Respondent SHALL SUBMIT a RESPONSIVE pleading by filing one of the following:
23       A.    AN ANSWER addressing the merits of the Petition and due within
24           **NINETY (90)** days of the *date of service* of this order.  Rule 4, Rules
25           Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469,
26           1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing an
27           Answer.).
28       –    Respondent SHALL INCLUDE with the Answer any and all

transcripts or other documents necessary for the resolution of the issues presented in the Petition. Rule 5 of the Rules Governing Section 2254 Cases.

– Any argument by Respondent that Petitioner has *procedurally defaulted* a claim(s) SHALL BE MADE in an ANSWER that also addresses the merits of the claims asserted. This is to enable the Court to determine whether Petitioner meets an exception to procedural default. See, Paradis v. Arave, 130 F.3d 385, 396 (9th Cir. 1997) (Procedurally defaulted claims may be reviewed on the merits to serve the ends of justice); Jones v. Delo, 56 F.3d 878 (8th Cir. 1995) (the answer to the question that it is more likely than not that no reasonable juror fairly considering all the evidence, including the new evidence, would have found Petitioner guilty beyond a reasonable doubt necessarily requires a review of the merits).

– Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from the date Respondent's Answer is filed with the Court.

B. A MOTION TO DISMISS due within **SIXTY(60)** days of the *date of service* of this order based on the following grounds:[1]

  i. EXHAUSTION - 28 U.S.C. § 2254(b)(1).  A Motion to Dismiss for Petitioner's failure to exhaust state court remedies SHALL INCLUDE copies of all the Petitioner's state court filings and dispositive rulings relevant to the examination of the statute

---

[1] Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge shall order the respondent to file an answer or *other pleading . . . or to take such other action as the judge deems appropriate*." Rule 4, Rules Governing Section 2254 Cases (emphasis added); see, also, Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust.); also, White v. Lewis, 874 F.2d 599, 60203 (9th Cir.1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

1  limitations issue as required by <u>Ford v. Hubbard</u>, 330 F.3d 1086

2  (9th Cir. 2003) and <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003);

3      ii.   STATUTE OF LIMITATIONS - 28 U.S.C. § 2244(d)(1). A

4  Motion to Dismiss the Petition as filed beyond the one year

5  limitations period SHALL INCLUDE copies of all Petitioner's

6  state court filings and dispositive rulings.

7      iii.   SECOND OR SUCCESSIVE Petitions - 28 U.S.C. § 2244(b). A

8  Motion to Dismiss the Petition on the basis of § 2244(b) SHALL

9  include a copy of the previously filed federal Petition and

10  disposition thereof.

11    C.   OPPOSITIONS to Motions to Dismiss SHALL be served and filed within

12  EIGHTEEN (18) days, plus three days for mailing. All other Oppositions SHALL

13  be served and filed within EIGHT (8) days, plus three days for mailing. REPLIES

14  to Oppositions to Motions to Dismiss SHALL be served and filed within eight (8)

15  days, plus three days for mailing. Replies to Oppositions to all other Motions

16  SHALL be served and filed within eight (8) days, plus three days for mailing. If

17  no opposition is filed, all motions are deemed submitted at the expiration of the

18  opposition period.

24  IT IS SO ORDERED.

25  **Dated:   February 12, 2008**           /s/ Oliver W. Wanger
                                              UNITED STATES DISTRICT JUDGE