IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RASHEEN D. FAIRLY,**<br><br>    Petitioner,<br><br>    vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>    Respondent. | No. CV-F-06-1588 OWW/WMW<br>(No. CR-F-95-5193 OWW)<br><br>MEMORANDUM DECISION AND ORDER GRANTING RESPONDENT'S MOTION FOR RECONSIDERATION (Doc. 19) AND DIRECTING CLERK OF COURT TO TRANSFER ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1631 |

On November 7, 2006, Petitioner Rasheen D. Fairly filed a "Motion to Challenge the Validity of a Prior Conviction Pursuant to 21 U.S.C. § 851(c)(2), On the Basis of Good Cause." By this motion, Petitioner contends that one of his prior state court convictions used to enhance the sentence imposed by this Court in No. CR-F-95-5193 OWW did not constitute a violation of the California drug statute he admitted violating. Petitioner's was docketed as a petition for writ of habeas corpus pursuant to 28

1

U.S.C. § 2241.

The United States moved to dismiss this action for lack of jurisdiction. By Memorandum Opinion and Order filed on February 13, 2008, Doc. 17, Respondent's motion to dismiss was denied. The Court ruled that Petitioner, who has filed two prior motions challenging his conviction and sentence pursuant to 28 U.S.C. § 2255, may properly proceed pursuant to the § 2255 savings clause:

> Respondent argues that to the extent that he relies solely on the prohibition against successive petitions, Petitioner is not entitled to utilize the § 2255 savings clause. However, Petitioner does not rely on that prohibition to justify proceeding under § 2241. Rather, Petitioner argues extensively that he has made the necessary showing of actual innocence and the lack of an earlier opportunity to raise his claim so as to demonstrate that § 2255 is inadequate or ineffective in his case. Respondent, who did not file a reply to Petitioner's opposition, has not addressed that argument. Accordingly, the court finds that Respondent has not demonstrated that Petitioner may not properly proceed in this action under § 2241.

On February 19, 2008, Respondent moved for reconsideration of this ruling, contending *inter alia*, that this Court lacks jurisdiction to hear Petitioner's Section 2241 motion.[1]

Petitioner was convicted and sentenced by this Court, the United States District Court for the Eastern District of California, in No. CR-F-95-5193 OWW. At the time Petitioner filed this deemed petition for writ of habeas corpus pursuant to

---

[1] Because this Court lacks jurisdiction to hear the Section 2241 motion, the Court expresses no opinion with respect to the other grounds for reconsideration of the February 13, 2008 Memorandum Opinion and Order advanced by Respondent.

2

Section 2241, Petitioner was serving his federal sentence at USP Victorville, in Adelanto, California, located in the Central District of California.

In *Hernandez v. Campbell*, 204 F.3d 861 (9th Cir.2000), the Ninth Circuit held:

> Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court ....
>
> Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.' ....
>
> An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction, because the proper district for filing a habeas petition depends upon whether the petition is filed pursuant to § 2241 or § 2255. In particular, a habeas petition filed pursuant to § 2241 must be heard in the custodial court ..., even if the § 2241 petition contests the legality of a sentence by falling under the savings clause ... On the other hand, § 2255 motions must be heard in the sentencing court ....
>
> Thus, in order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue. If Hernandez's petition falls under the savings clause so as to be a petition pursuant to § 2241, then only the [custodial court] has jurisdiction. If the savings clause does not come into play, however, then Hernandez's petition must be construed as a petition under § 2255, such that jurisdiction lies

1       only in the [sentencing court].

2 204 F.3d at 865.

3       Because this Court has deemed Petitioner's motion to be a Section 2241 motion pursuant to Section 2255's savings clause, this Court does not have jurisdiction to consider the merits of the Section 2241 motion; jurisdiction lies in the Central District of California, which is the custodial court.

      Petitioner argues that reconsideration on this ground should be denied because the February 13, 2008 Memorandum Opinion and Order limited Respondent's responsive pleading to the Section 2241 petition to addressing the merits of the Section 2241 motion and/or to submitting a motion to dismiss on exhaustion of state remedies, bar of the statute of limitations, or second or successive petition.

      Petitioner misunderstands Respondent's motion.  Respondent is seeking reconsideration of the underlying merits of the February 13, 2008 Memorandum Opinion and Order.  Respondent is entitled to seek reconsideration of the jurisdictional issue. Further, "[f]ederal courts are always 'under an independent obligation to examine their own jurisdiction ... and a federal court may not entertain an action over which it has no jurisdiction."  *Hernandez v. Campbell*, *supra*, 204 F.3d at 865.

      Because this Court does not have jurisdiction to hear Petitioner's Section 2241 motion, the Clerk of the Court is directed to transfer this action to the United States District Court for the Central District of California for all further

4

1 **proceedings.  *See* 28 U.S.C. § 1631; *Hernandez v. Campbell*, *supra*,**
2 **204 F.3d at 865 n.6.**
3     IT IS SO ORDERED.
4 **Dated:   May 9, 2008**            **/s/ Oliver W. Wanger**
                                      UNITED STATES DISTRICT JUDGE